UNITED STATES DISTRIT COURT
for the
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 3:16-cv-30142

JUNIOR WILLIAMS,
    Plaintiff,

vs.

KAWASAKI HEAVY INDUSTRIES, (USA), INC., doing business as KAWASAKI MOTORCYCLES USA, LLC; DOE SALES AND/OR REPAIR COMPANY 1-9, and DOES 10 though 20;
    Defendants.

## PLAINTIFF'S REQUEST FOR STAY OF PROCEEDINGS

Counsel for Plaintiff Junior Williams respectfully requests that the Court exercise its discretion to stay this action for ninety (90) days pending the appointment of an administrator/executor of Junior Williams' estate. Junior Williams passed away on or about July 27, 2018, therefore a stay of this action is warranted in the interests of justice so that an administrator or executor can be appointed to step into the shoes of Junior Williams and allow this action to proceed as a survival action pursuant to M.G.L.c. 228 §4.

Further, Plaintiff's cause of death is unknown at this time and therefore it cannot be determined if Plaintiff died as a result of the extensive injuries he suffered in the incident that is the subject of the instant litigation. It will be necessary to analyze whether Plaintiff's death gives rise to a new cause of action for wrongful death.

Plaintiff's counsel is conferring with Plaintiff's surviving heirs as well as probate counsel in order to expedite the process of having an executor/administrator appointed.

In light of Plaintiff's death, the action cannot proceed until an administrator/executor is appointed. Plaintiff anticipates that a stay of Ninety (90) days will provide sufficient time to appoint an executor/administrator.

Defendants will not be prejudiced by the issuance of a stay.

## LEGAL STANDARD

This Court possesses the inherent power to control its own docket and calendar. Taylor, Bean & Whitaker Morg. Corp. v. Triduanum (C.D.Cal.2009) 2009 U.S. Dist. LEXIS 60849,4.

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

Id. (quoting Mediterranean Enterprises, Inc. v. Ssangyong Corp. (9th Cir. 1983) 708 F.2d 1458, 1465.

Thus it is well recognized that a court may, in its discretion, stay civil proceedings when the interests of justice so require. Keating v. Office of Thrift Supervision (9th Cir. 1995) 45 F.3d 322, 324.

## CONCLUSION

For the foregoing reasons, Plaintiff counsel respectfully requests that the Court stay this action pending the appointment of an administrator/executor of Plaintiff Junior Williams' Estate.

                                                Plaintiff
Junior Williams
By his attorneys,

/s/ John N. Greenwood
John N. Greenwood, Esq. BBO # 210520
1145 Mains Street, Suite 201, Springfield MA 01103
413-734-0567

UNITED STATES DISTRIT COURT
for the
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 3:16-cv-30142

JUNIOR WILLIAMS,
    Plaintiff,

vs.

KAWASAKI HEAVY INDUSTRIES, (USA), INC., doing business as KAWASAKI MOTORCYCLES USA, LLC; DOE SALES AND/OR REPAIR COMPANY 1-9, and DOES 10 though 20;
    Defendants.

## **DECLARATION OF JOHN GREENWOOD**

I, John N. Greenwood, declare and say that:

1. I am an attorney at law licensed to practice before all of the courts of the State of Massachusetts, and am the attorney of record for JUNIOR WILLIAMS, the plaintiff herein. I have personal knowledge of all of the facts contained herein, and if called as a witness, I could and would testify competently to the following:

2. I am prosecuting this case in conjunction with Terrence L. Butler, a California attorney who specializes in severe burn injury cases and product liability cases.

4. On July 31, 2018 I was informed of the sudden and unexpected death of Junior Williams, which occurred on or about July 27, 2018.

5. I immediately contacted my co-counsel, Terrence L. Butler, to inform him of the death of the Plaintiff.

6. Mr. Butler and I are in the process of ascertaining the cause of Plaintiff's death and who may be appointed administrator/executor of Junior Williams' Estate.

7. Once an executor/administrator is appointed and the cause of death is ascertained, the case will proceed as a survival action with the personal representative of Plaintiff's Estate stepping into the shoes of the deceased Plaintiff.

8. In addition, once Plaintiff's cause of death is determined, Plaintiff may amend the complaint to include a cause of action for wrongful death.

9. A brief stay of the action for ninety (90) days will allow counsel to resolve these issues and allow the case to move forward.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 2nd day of August, 2018 at Springfield, Massachusetts.

/s/ John N. Greenwood

John N. Greenwood, Declarant

## CERTIFICATE OF SERVICE

I, John Greenwood, attorney for plaintiff Junior Williams, hereby certify that on August 2, 2018, a true copy of the foregoing Plaintiff's Request for Stay of Proceedings, Declaration of John Greenwood will be filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and papers copies will be served by first-class mail, postage prepaid upon anyone indicated as a non-registered participant and to:

Terrence L. Butler, Esq.
DODGE LAW FIRM, INC.
409 North Camden Drive, Suite 201
Beverly Hills, CA  90210
Phone:  310-887-1890
Fax:  310-943-3314
Email:  karen@thedodgelawfirm.com
***Co-Counsel/Pro Hac Vice Counsel for Plaintiff Junior Williams***


James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Phone: 617-482-8100
Fax: 617-482-3917
Email: pdurney@cornellgollub.com
Email: jkerr@cornellgollub.com
***Attorneys for Defendant Kawasaki Heavy Industries (USA), Inc.***
***doing business as Kawasaki Motorcycles USA, LLC***


Jeanne O McHugh, Esq.
Matthew Kirouac, Esq.
Engelberg & Bratcher
100 High Street, Ste 1450
Boston, MA 02110
Phone: 617-3714241
Email: jeanne.mchugh@zurichna.com
Email: matthew.kirouac@zurichna.com
***Attorneys for Defendant Springfield Motor Sports, LLC***



        /s/John Greenwood
        John Greenwood