UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

TRESLAN A. WILLIAMS as
personal representative of the Estate
of JUNIOR WILLIAMS

CIVIL ACTION NO. 3:16-CV-30142

[Leave was granted to file this
Amended Complaint by the
Court on December 18, 2018]

      Plaintiff

vs.

KAWASAKI MOTORS CORP., U.S.A.;
KAWASAKI HEAVY INDUSTRIES, LTD;
AND SPRINGFIELD MOTOR SPORTS, LLC

                    Defendants.

## PLAINTIFF'S FOURTH AMENDED COMPLAINT AND
## DEMAND FOR A TRIAL BY JURY

## PARTIES

1.     Plaintiff  TRESLAN A. WILLIAMS as  personal representative of the Estate
of JUNIOR WILLIAMS (hereinafter referred to as Plaintiff), at all times relevant, is a
resident of the City of Springfield, Hampden County, Commonwealth of
Massachusetts.

2.     Defendants KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI HEAVY
INDUSTRIES, LTD. hereinafter referred to as "KAWASAKI", and SPRINGFIELD
MOTOR SPORTS, LLC, hereinafter referred to as "SPRINGFIELD" are duly
organized corporations/ individual(s) duly authorized to conduct business in
Massachusetts under the provisions of her General Laws and, at all times relevant,
were doing business in Massachusetts.

3.     Jurisdiction over the Defendants is conferred upon STATE court by reason of G.L.C.
223A, sec. 3.

## GENERAL ALLEGATIONS

4.  Plaintiff asserts that all of the personal injuries, harm, losses and damages hereafter alleged were incurred, suffered and took place in the City of Springfield, Massachusetts.

5.  Former Plaintiff, decedent JUNIOR WILLIAMS, was severely injured when the gasoline fuel lines and or fuel tank of a KAWASAKI MOTORCYCLE (hereinafter KAWASAKI MOTORCYCLE) that he was riding, ruptured during an accident sequence that occurred on or about July 30, 2013, at or near the intersection of Spring and State Streets in the city of Springfield, Massachusetts. Said accident sequence and collision will be referred to as the "SUBJECT INCIDENT."

6.  Former Plaintiff and decedent JUNIOR WILLIAMS was the son of TRESLAN A. WILLIAMS whose causes of action include Wrongful Death and Survival Action. Plaintiff claims that the death of JUNIOR WILLIAMS was directly related to the SUBJECT INCIDENT and that he took his own life as a result of his severe burn, emotional and psychological injuries.

7.  On information and belief, KAWASAKI, SPRINGFIELD and each of the defendants designated herein is responsible in some manner and liable herein by reason of negligence, malfeasance, nonfeasance, wanton and reckless misconduct, and/or conscious disregard, and said defendants directly, legally and proximately caused the injuries and damages asserted in this Complaint by such wrongful conduct.

8.  On information and belief, each and all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employees, officers, directors and/or managing agents; that in addition hereto, said corporate or business employees, officers, directors and/or managing agents had advance knowledge of, authorized, and/or participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition to, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employees, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents. In addition, at all times relevant, each defendant, whether named herein, was a principal, master, employer, joint venturer and/or successor in interest of every other defendant, and was acting as an agent of the other.

9.  On information and belief, each of the defendants, was an agent, joint venturer, co-conspirator, individual, retailer, distributor, wholesaler, management company, servant and/or employee of each of the remaining co-defendants and, in doing the acts herein alleged, were acting within the course and scope of said agency, joint venture, partnership, distributorship, retail agreement, management company agreement, service and employment with the knowledge, acquiescence and ratification of each and every remaining defendant.

## COUNT I
## STRICT PRODUCTS LIABILITY
### (Treslan A. Williams as personal representative of the Estate
### of Junior Williams vs. Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries , Ltd.;
### and Springfield Motor Sports, LLC)

10.     Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS,    re-alleges   and incorporates by reference each and every allegation contained in Paragraphs 1 through 9 above, as though each such allegation was again fully set forth.

11.     At all times relevant herein, Defendants Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries, Ltd and Springfield Motor Sports, LLC, inclusive were sellers, manufacturers, distributors, wholesalers, retailers, repairers or subsidiaries, divisions, successors in interest or parents of the manufacturers, distributors, wholesalers, and/or retailers, of the KAWASAKI MOTORCYCLE, including component parts thereof.

12.     Defendants Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries, Ltd and Springfield Motor Sports, LLC, inclusive, manufactured, fabricated, designed, assembled, marketed, warranted, controlled, entrusted, managed, maintained, advertised, sold, repaired and/or otherwise placed in the stream of commerce the KAWASAKI MOTORCYCLE, including all component parts thereof, which contained design and/or manufacturing defects and/or improper, defective, and dangerous and/or dangerously constructed components that were capable of causing, and did cause, personal injuries to the users, consumers, and bystanders thereof, while being used in a reasonably foreseeable manner, thereby rendering the KAWASAKI MOTORCYCLE unsafe and dangerous for use by such users, consumers, and bystanders.

13.     On information and belief, Plaintiff alleges that at all times relevant hereto, the KAWASAKI MOTORCYCLE, including all or some component parts, including but not limited to a defective gasoline fuel lines and/or fuel tank, were defective when placed in the stream of commerce by Defendants, and were of such a nature that the defects would not be discovered in the normal course of inspection and/or use by users or consumers of the KAWASAKI MOTORCYCLE.

14.     On or about July 30, 2013, former Plaintiff and decedent JUNIOR WILLIAMS was a rider of said KAWASAKI MOTORCYCLE, while it was being used in a reasonably foreseeable manner, when the KAWASAKI MOTORCYCLE caught fire resulting in catastrophic injuries and ultimately the death of JUNIOR WILLIAMS.

15.     As a direct, proximate, and legal result of former Plaintiff decedent JUNIOR WILLIAMS use of the KAWASAKI  MOTORCYCLE, as alleged above, he suffered severe injuries, which ultimately led to his death and now Plaintiff (TRESLAN A. WILLIAMS as a representative of JUNIOR WILLIAMS estate) will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court.

16.     As a further and direct and proximate result of the above-described acts by Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff has been harmed in that TRESLAN A. WILLIAMS as a personal representative of the Estate of

JUNIOR WILLIAMS, has suffered and will continue to suffer mental anguish, and severe emotional and physical distress due to the death of JUNIOR WILLIAMS.

17.     As a further and direct and proximate result of the acts and omissions of DEFENDANTS "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiffs have sustained severe and permanent injuries to their health, and severe shock to their nervous systems, and were caused to suffer extreme physical and mental pain, due to the death of JUNIOR WILLIAMS.

18.     As a further direct and proximate result of acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, former Plaintiff decedent, JUNIOR WILLIAMS was required to and did employ physicians, surgeons, and other medical personnel to treat and care for him, and incurred additional medical expenses for hospital bills and other incidental medical expenses.  Plaintiffs, on information and belief, will be required to incur additional medical and sundry expenses in the future due to the death of JUNIOR WILLIAMS.

19.     As a further direct and proximate result of the acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, former Plaintiff and decedent JUNIOR WILLIAMS was prevented from pursuing gainful employment and/or business ventures, and therefore Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS will suffer lost future earnings and income.

        **WHEREFORE**, the plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS demands judgment against each of the defendants, jointly and severally, and the award of damages together with interest and costs, and such other relief as this court deems proper and just.

**COUNT II**
**NEGLIGENCE**
**(Treslan A. Williams as personal representative of the Estate**
**of Junior Williams  vs. Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries , Ltd.;**
**and Springfield Motor Sports, LLC)**

20.     Plaintiff  TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, re-alleges and incorporats by reference each and every allegation contained in Paragraphs 1 through 19 above, as though each allegation was again fully set forth.

21.     On information and belief, at all times relevant Defendants Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries, Ltd. and Springfield Motor Sports, LLC, inclusive were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing,

repairing, marketing, warranting, maintaining, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or warning of defects in, or dangers associated with the use of, the KAWASAKI MOTORCYCLE, including all component parts, including but not limited to defective fuel lines and/or fuel tank, and had a duty to manufacture, fabricate, design, assemble, distribute, buy, sell, inspect, test analyze, service, repair, market, warrant, maintain, control, install, fit, entrust, manage, advertise, supervise the use of, make representations about and/or warn of defects in, or dangers associated with the use of, the KAWASAKI MOTORCYCLE, including all of its component parts, including but not limited to defective fuel lines and/or fuel tank, in a reasonable manner, which Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, knew, or in the exercise of reasonable care should have known, would be used without inspection for defects and dangers.

22.     On information and belief, at all times relevant Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, breached their above-mentioned duties by negligently, recklessly, and/or carelessly manufacturing, fabricating, designing, assembling, distributing, buying, selling, inspecting, testing, analyzing, servicing, repairing, marketing, warranting, maintaining, controlling, installing, fitting, entrusting, managing, advertising, supervising the use of, making representations about and/or warning of defects in, or dangers associated with the use of, the KAWASAKI MOTORCYCLE including all component parts, including but not limited to defective fuel lines and/or fuel tank, thereby rendering the KAWASAKI  MOTORCYCLE unsafe and dangerous for use by users, consumers, and bystanders, and which proximately caused the ultimately fatal  injuries to decedent Plaintiff, JUNIOR WILLIAMS, on or about July 30, 2013 in the City of Springfield, as alleged therein.

23.     As a direct, proximate, and legal result of the acts and omissions by Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court, due to the death of JUNIOR WILLIAMS.

24.     As a further direct and proximate result of the above-described acts by Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has been harmed in that Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has suffered and will continue to suffer mental anguish, and severe emotional and physical distress.

///

25.     As a further direct and proximate result of the acts and omissions of Defendants
        "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff,
        TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR
        WILLIAMS has sustained severe and permanent injuries to his  health, and severe
        shock to their nervous system, and were caused to suffer extreme physical and mental
        pain due to the death of JUNIOR WILLIAMS.


26.     As a further direct and proximate result of acts and omissions of Defendants
        "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, former
        Plaintiff, decedent JUNIOR WILLIAMS, was  required to and did employ physicians,
        surgeons, and other medical personnel to treat and care for him, and incurred additional
        medical expenses for hospital bills and other incidental medical expenses. Plaintiff
        TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR
        WILLIAMS will be required to incur additional medical and sundry expenses in the
        future due to the death of JUNIOR WILLIAMS.

27.     As a further direct and proximate result of the acts and omissions of  Defendants
        "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, former
        Plaintiff JUNIOR WILLIAMS was prevented from pursuing gainful employment
        and/or business ventures, and Plaintiffs, TRESLAN A. WILLIAMS as a personal
        representative of the Estate of JUNIOR WILLIAMS and ANIYAH WILLIAMS, a
        minor represented by Conservator TIERRA SHERMAN, therefore will suffer lost
        future earnings and income, and/or a diminution of future earning capacity, due to the
        death of JUNIOR WILLIAMS.


        **WHEREFORE**, the plaintiff, TRESLAN A. WILLIAMS as a personal representative
of the Estate of JUNIOR WILLIAMS demands judgment against each of the  defendants, jointly
and severally, and the award of damages together with interest and costs, and such other relief as
this court deems proper and just.


## COUNT III

### BREACH OF WARRANTY

**(Treslan A. Williams as personal representative of the Estate
of Junior Williams  vs. Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries , Ltd.;
and Springfield Motor Sports, LLC)**


28.     Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of
        JUNIOR WILLIAMS, re-allege and incorporate by reference each and every allegation
        contained in Paragraphs 1 through 27 above, as though each allegation was again fully
        set forth.

///

29.     On information and belief, at all times relevant, Defendants Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries, Ltd., and Springfield Motor Sports, LLC, inclusive were engaged in the business of manufacturing, fabricating, designing the KAWASAKI MOTORCYCLE, including all of its component parts, including but not limited to its fuel lines and/or fuel tank, were of merchantable quality, fit for the purpose for which they were to be used, and free from design, manufacturing, repair and/or modification defects. The defective SUBJECT MOTORCYCLE contributed to the death of JUNIOR WILLIAMS, which caused the Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS to suffer the damages mentioned below.

30.     On information and belief, on July 30, 2013, and at all times relevant thereto, the KAWASAKI MOTORCYCLE was not of merchantable quality, fit for the purpose for which it was to be used, and/or free from design, manufacturing and/or modification defects.  On information and belief, at all times relevant the KAWASAKI MOTORCYCLE was defectively designed and/or manufactured, repaired, sold and/or distributed, and was therefore imminently dangerous to users, consumers, and bystanders in that it was capable of causing, and did, in fact, cause, personal injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner at or near the intersection of Spring and State Street in the City of Springfield, Massachusetts, thereby rendering the KAWASAKI MOTORCYCLE unsafe and dangerous for use by users, consumers or bystanders.

31.     As a direct, proximate, and legal result of former Plaintiff and decedent JUNIOR WILLIAMS' use of or contact with the  KAWASAKI  MOTORCYCLE,  as alleged above, Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court.

32.     As a further direct and proximate result of the above-described acts by Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has been harmed in that he has suffered and will continue to suffer mental anguish, and severe emotional and physical distress.

33.     As a further direct and proximate result of the acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has sustained severe and permanent injuries to his health, and severe shock to their nervous systems, and were caused to suffer extreme physical and mental pain due to the death of JUNIOR WILLIAMS.

34.     As a further direct and proximate result of acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, former

Plaintiff, decedent JUNIOR WILLIAMS was  required to and did employ physicians, surgeons, and other medical personnel to treat and care for him, and incurred additional medical expenses for hospital bills and other incidental medical expenses. Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS will be required to incur additional medical and sundry expenses in the future due to the death of JUNIOR WILLIAMS.

35.     As a further direct and proximate result of the acts and omissions of  Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, former Plaintiff JUNIOR WILLIAMS was prevented from pursuing gainful employment and/or business ventures and Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, therefore will suffer lost future earnings and income, and/or a diminution of future earnings, due to the death of JUNIOR WILLIAMS.

**WHEREFORE**, the plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS demand judgment against each of the  defendants, jointly and severally, and the award of damages together with interest and costs, and such other relief as this court deems proper and just.

## COUNT IV
## WRONGFUL DEATH
**(Treslan A. Williams as personal representative of the Estate of Junior Williams vs. Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries , Ltd.; and Springfield Motor Sports, LLC)**

36.     Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 35 above, as though each allegation was again fully set forth.

37.     On information and belief, at all times relevant Defendants Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries, Ltd., and Springfield Motor Sports, LLC, inclusive were engaged in the business of manufacturing, fabricating, designing MOTORCYCLE, including all of its component parts, including but not limited to its fuel lines and/or fuel tank, were of merchantable quality, fit for the purpose for which they were to be used, and free from design, manufacturing, repair and/or modification defects. The defective SUBJECT MOTORCYCLE contributed to the death of JUNIOR WILLIAMS, which caused the Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS to suffer the damages mentioned below.

///

///

38.     On information and belief, on July 30, 2013, and at all times relevant thereto, the KAWASAKI MOTORCYCLE was not of merchantable quality, fit for the purpose for which it was to be used, and/or free from design, manufacturing and/or modification defects.  On information and belief, at all times relevant the KAWASAKI MOTORCYCLE was defectively designed and/or manufactured, repaired, sold and/or distributed,  and was therefore imminently dangerous to users, consumers, and bystanders in that it was capable of causing, and, in fact, did cause, personal injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner at or near the intersection of Spring and State Street in the City of Springfield, Massachusetts, thereby rendering the KAWASAKI MOTORCYCLE unsafe and dangerous for use by users, consumers or bystanders. Plaintiff's claim that said Defendants caused the death of JUNIOR WILLIAMS, due to the horrific injuries he suffered in the SUBJECT INCIDENT.

39.     As a direct, proximate, and legal result of former Plaintiff and decedent JUNIOR WILLIAMS' use of or contact with the  KAWASAKI  MOTORCYCLE,  as alleged above, Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court.

40.     As a further direct and proximate result of the above-described acts by Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has been harmed in that he has suffered and will continue to suffer mental anguish, and severe emotional and physical distress.

41.     As a further direct and proximate result of the acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has sustained severe and permanent injuries to his health, and severe shock to his nervous system, and was caused to suffer extreme physical and mental pain due to the death of JUNIOR WILLIAMS.

42.     As a further direct and proximate result of the acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS suffered the loss of JUNIOR WILLIAMS (son of TRESLAN A. WILLIAMS ). Plaintiff lost decedent JUNIOR WILLIAMS' financial support and love, guidance, companionship and consortium. Plaintiff respectfully prays that this Honorable Court award all damages recoverable by the law for losses provided by M.G.L.c.229, §2 et. seq., including but not limited to the fair monetary value of the following:

///

(a) full and fair compensation for the lost, reasonably expected net income of former Plaintiff/decedent JUNIOR WILLIAMS, and the services, protection, care assistance, society, companionship, comfort, guidance, counsel, and advise he would have provided Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, from the time of his death to the present, and also in the future, over what would have been JUNIOR WILLIAMS life expectancy.

(b) the reasonable funeral and burial expenses of decedent JUNIOR WILLIAMS.
**WHEREFORE**, the plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS demand judgment against each of the  defendants, jointly and severally, and the award of damages together with interest and costs, and such other relief as this court deems proper and just.

**COUNT V**
**SURVIVAL ACTION**
**(Treslan A. Williams as personal representative of the Estate**
**of Junior Williams vs. Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries , Ltd.;**
**and Springfield Motor Sports, LLC)**

43. Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 42 above, as though each allegation was again fully set forth.

44. Since the death of JUNIOR WILLIAMS, TRESLAN A. WILLIAMS has served as representative for the ESTATE of JUNIOR WILLIAMS and the ESTATE is the authorized successors in interest with respect to their interest in the property that was damaged, lost or destroyed in this tragic INCIDENT, to pursue any and all legal claims for damages related thereto, and to recover damages for expenses incurred related to medical and/or emergency services related to the incident.

45. On information and belief, at all times relevant Defendants Kawasaki Motors Corp., U.S.A.; Kawasaki Heavy Industries, Ltd., and Springfield Motor Sports, LLC, inclusive were engaged in the business of manufacturing, fabricating, designing MOTORCYCLE, including all of its component parts, including but not limited to its fuel lines and/or fuel tank, were of merchantable quality, fit for the purpose for which they were to be used, and free from design, manufacturing, repair and/or modification defects. The defective SUBJECT MOTORCYCLE contributed to the death of JUNIOR WILLIAMS, which caused the Plaintiff TRESLAN A. WILLIAMS as a personal

representative of the Estate of JUNIOR WILLIAMS to suffer the damages mentioned below.

46.   On information and belief, on July 30, 2013, and at all times relevant thereto, the KAWASAKI MOTORCYCLE was not of merchantable quality, fit for the purpose for which it was to be used, and/or free from design, manufacturing and/or modification defects.  On information and belief, at all times relevant the KAWASAKI MOTORCYCLE was defectively designed and/or manufactured, repaired, sold, distributed,  and was therefore imminently dangerous to users, consumers, and bystanders in that it was capable of causing, and, in fact, did cause, personal injuries to users, consumers and bystanders, while being used in a reasonably foreseeable manner at or near the intersection of Spring and State Street in the City of Springfield, Massachusetts, thereby rendering the KAWASAKI MOTORCYCLE unsafe and dangerous for use by users, consumers or bystanders.

47.   As a direct, proximate, and legal result of former Plaintiff and decedent JUNIOR WILLIAMS' use of or contact with the  KAWASAKI  MOTORCYCLE,  as alleged above, Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, suffered and will continue to suffer damages in a sum in excess of the jurisdictional limit of this Court.

48.   As a further direct and proximate result of the above-described acts by Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has been harmed in that it has suffered and will continue to suffer mental anguish, and severe emotional and physical distress.

49.   As a further direct and proximate result of the acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS has sustained severe and permanent injuries to his health, and severe shock to his nervous systems, and was caused to suffer extreme physical and mental pain due to the death of JUNIOR WILLIAMS.

50.   As a further direct and proximate result of acts and omissions of Defendants "KAWASAKI" and SPRINGFIELD MOTOR SPORTS, LLC, inclusive, Plaintiff TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS and (son of TRESLAN A. WILLIAMS). Plaintiff lost JUNIOR WILLIAMS financial support and love, guidance, companionship and consortium. Plaintiff respectfully pray that this Honorable Court award all damages recoverable by the law for losses provided by M.G.L.c.228, §§'s 1, 9-10 et. seq., including but not limited to the fair monetary value of the following:

///

///

(a)   full and fair compensation for the lost, reasonably expected net income of former Plaintiff/decedent JUNIOR WILLIAMS, and the services, protection, care assistance, society, companionship, comfort, guidance, counsel, and advise he would have provided Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS, from the time of his death to the present, and also in the future, over what would have been JUNIOR WILLIAMS life expectancy.

(b)  the reasonable funeral and burial expenses of decedent JUNIOR WILLIAMS.

**WHEREFORE**, the Plaintiff, TRESLAN A. WILLIAMS as a personal representative of the Estate of JUNIOR WILLIAMS demand judgment against each of the defendants, jointly and severally, and the award of damages together with interest and costs, and such other relief as this court deems proper and just.

## JURY DEMAND

**PLAINTIFF TRESLAN A. WILLIAMS AS A PERSONAL REPRESENTATIVE OF THE ESTATE OF JUNIOR WILLIAMS,  HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE.**

Respectfully submitted,
By and through counsel

/S/ John N. Greenwood
_____

John N. Greenwood
BBO 210520
1145 Mains Street, Suite 201
Springfield, MA 01103
413 734 0567

January 7, 2019

## CERTIFICATE OF SERVICE

I, Terrence Butler, attorney for plaintiff Junior Williams, hereby certify that on January 7, 2019, a true copy of the foregoing Plaintiff's Fourth Amended Complaint will be filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and papers copies will be served by first-class mail, postage prepaid upon anyone indicated as a non-registered participant and to:


Peter Durney, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Phone: 617-482-8100
Fax: 617-482-3917
Email: **pdurney@cornellgollub.com**
Email: jkerr@cornellgollub.com
***Attorneys for Defendant Kawasaki Heavy Industries (USA), Inc.***
***doing business as Kawasaki Motorcycles USA, LLC***


Jeanne O McHugh, Esq.
Matthew Kirouac, Esq.
Engelberg & Bratcher
100 High Street, Ste 1450
Boston, MA 02110
Phone: 617-3714241
Email: **jeanne.mchugh@zurichna.com**
Email: matthew.kirouac@zurichna.com
***Attorneys for Defendant Springfield Motor Sports, LLC***


/s/Terrence Butler
Terrence Butler