UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO: 3:16-CV-30142-MGM

TRESLAN A. WILLIAMS as
Personal representative of the Estate
of Junior Williams
    Plaintiff,

v.

KAWASAKI MOTORS CORP., U.S.A.,
KAWASAKI HEAVY INDUSTRIES, LTD,
and SPRINGFIELD MOTOR SPORTS, LLC
    Defendants.


**MEMORANDUM OF LAW IN SUPPORT OF KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD'S MOTION FOR AN ORDER COMPELLING PLAINTIFF TO PETITION FOR THE UNSEALING OF JUNIOR WILLIAMS'S SPRINGFIELD DISTRICT COURT CRIMINAL CASE**


**INTRODUCTION**

This case arises out of a July 2013 motorcycle collision in Springfield, MA that left in its wake criminal proceedings against the motorcycle operator Junior Williams, and multiple civil actions, including this product liability action by Junior Williams's estate[1] against the moving defendants Kawasaki Motors Corp., U.S.A. ("KMC") and Kawasaki Heavy Industries, LTD ("KHI"). KMC and KHI hereby move this Court for an Order compelling the plaintiff, the personal representative of the estate of Junior Williams, through counsel, to petition the Springfield State District Court for the unsealing of Junior Williams's Springfield District Court criminal case, as the sealing of that case has unfairly prevented KMC and HKI from obtaining

---

[1] The case was initially filed by Junior Williams.

evidence that may be critical to their defense of this action. As further support of its petition, KMC and KHI state that Junior Williams is now deceased, maintains no continuing interest in the sealing of his criminal case, and the interests protected by sealing records are no longer served. Moreover, the allegations against Junior Williams in the criminal matter—that he drove at a reckless speed leading up to his accident—are central to the crashworthiness product liability claims that plaintiff brings against KMC and KHI. KMC and KHI should be permitted access to Williams's criminal case, including the transcript of Williams's plea hearing, which the Springfield District Court Clerk's Office denied KMC and KHI's counsel.

## **BACKGROUND**

On July 30 2013, Junior Williams was involved in a motorcycle collision in Springfield, MA. On July 26, 2016, Junior Williams filed a product liability complaint in state court which, following amendments and removal to this court, named KMC and KHI as defendants in this action. Plaintiff alleges that the fuel tank of Junior Williams's Kawasaki motorcycle ruptured during the collision, causing burn injuries.

During the course of discovery, it was revealed that the Springfield Police filed an application for a criminal complaint against Junior Williams for negligent operation of a motor vehicle stemming from the July 2013 accident, and on October 8, 2013, a criminal complaint issued. Based on eyewitness statements, roadway evidence, and surveillance video of Junior Williams's motorcycle just prior to the accident, the investigating officer determined that Williams's motorcycle was traveling between 80 and 90 miles per hour, close to or at triple the 30 mile per hour speed limit.

Before Williams's criminal case (Docket Number 1323CR008756) was sealed, KMC and KHI obtained a copy of the Criminal Docket and Williams's Tender of Plea from the Springfield

District Court Criminal Clerk's office. These documents reveal that on April 21, 2016, Williams made an "Alford" guilty plea[2], sufficient facts were found against him, and his case was continued without a finding for six months. On October 21, 2016, the Court dismissed the case.

At some point thereafter, Junior Williams's criminal case was sealed. Counsel for KMC and KHI were not provided notice of Junior Williams's petition to seal the criminal case, even though this action was well underway, and Williams was represented by the same counsel in the criminal action as he is in this action. In fact, Williams's criminal counsel, acting here as one of the Estate's counsels, conceded in open court in this matter that he had advised Williams of his right to seal his criminal case, and helped Williams prepare the necessary document:

> MR. GREENWOOD: At the conclusion of any plea that we do, we always advise our client of the potential to seal the record down the road. We don't necessarily advise them to do it or not to do it, but we tell them about their right to do it. I discussed that with Mr. Williams at the conclusion of the Alford plea. I even -- because he had no use of his hand, I even filled out a form for him to say this is what you would need to file if you want to seal it.

Status Conference November 26, 2018 Tr. 34:20-35:2, See Exhibit 1.

On June 14, 2018, counsel for KMC and KHI sent a letter to the Springfield District Court requesting a copy of the audio recording for Williams's April 26, 2016 plea hearing. Counsel received back the letter with the following notation from the Clerk's Office, "This record is sealed no public record." See Exhibit 2.

---

[2] See North Carolina v. Alford, 400 U.S. 25 (1970).

**ARGUMENT**

I. THE COURT SHOULD ORDER PLAINTIFF AND HIS COUNSEL TO PETITION FOR THE UNSEALING OF JUNIOR WILLIAMS'S CRIMINAL CASE WHERE WILLIAMS IS DECEASED AND NO LONGER MAINTAINS AN INTEREST IN THE SEALING OF HIS CASE, AND KMC AND KHI HAVE A SUBSTANTIAL NEED FOR INFORMATION IN THE CRIMINAL CASE, WHICH IS OTHERWISE UNAVAILABLE

In light of his death, Junior Williams has no interest in the continued sealing of his criminal case, especially where KMC and KHI have a compelling need for the information and were not afforded notice and an opportunity to be heard regarding the sealing of the case in the first place.

Adult criminal records can be sealed either under G. L. c. 276, § 100A or § 100C. Williams's criminal case must have been sealed pursuant to § 100C, rather than § 100A, because the five-year waiting period required for sealing of misdemeanors has not yet passed. Section 100C "is intended to enable such individuals to overcome the inherent collateral consequences of a criminal record and achieve meaningful employment opportunities." Commonwealth v. Pon, 469 Mass. 296, 297 (2014). "The principal benefit which accrues to an ex-offender whose record is sealed is that he or she may state on employment applications that he or she had no record of arrest or conviction, and the Commissioner [of Probation] must corroborate this statement." Nicola J. Pangonis, Office of the Massachusetts Commissioner of Probation, Crime and Consequence: The Collateral Effects of Criminal Conduct, Criminal Records: Sealing and Expungement (MCLE 2013); see G. L. c. 276, § 100A. In addition to access to employment, sealing aids an ex-offender in obtaining housing, and thus, removes some of the economic barriers created by a criminal record. Id. at 301-302.

Under § 100C, to seal his criminal case, Williams's would have had to establish that "substantial justice would be best served" by sealing his criminal case. See G. L. c. 276, § 100C

("In any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, and it appears to the court that substantial justice would best be served, the court shall direct the clerk to seal the records of the proceedings in his files."). In light of the "paramount" common-law and constitutional presumptions of public access to judicial records, "substantial justice" is served by sealing only where an offender can establish that "good cause" exists for sealing. Commonwealth v. Pon, 469 Mass. 296, 312 (2014). In determining whether good cause exists, the court must balance the interests at stake, which begins with the public interests at stake, and then turns to the interest of the offender in keeping the information private. Id. at 315.[3]

Regardless of whether Williams could have met the "good cause" standard when his case was sealed, the circumstances have changed due to his death, and the Court should order the plaintiff to seek the lifting of the seal in the interest of justice. Section 100C, is "part of the over-all criminal offender record information (CORI) statutory scheme." Pon, 469 Mass. at 297. Following the death of an ex-offender, his or her CORI record is no longer protected and can be obtained by any member of the public. G. L. c. 6, § 178B ("The restrictions on the dissemination of criminal offender record information as provided in this chapter shall cease to exist at the death of the individual for whom a criminal justice agency has maintained criminal offender record information."); Howe v. Town of North Andover, 784 F. Supp. 2d 24, 32 (D. Mass. 2011) ("A decedent's CORI may be released upon request and with a valid death certificate and/or

---

[3] In evaluating the interest of the offender, "judges should evaluate the particular disadvantages identified by the defendant arising from the availability of the criminal record; evidence of rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; any other evidence that sealing would alleviate the identified disadvantages; relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; the passage of time since the offense and since the dismissal or nolle prosequi; and the nature of and reasons for the particular disposition." Commonwealth v. Pon, 469 Mass. 296, 312 (2014).

reasonable proof of death."). As Williams is deceased, in keeping with G. L. c. 6, § 178B, he no longer maintains any interest in the sealing of his criminal case. Moreover, the principal benefits attendant with sealing records, securing employment and housing, are no longer relevant with a deceased ex-offender, such as Williams. Thus, the continued sealing of the criminal case is inconsistent with the statutory scheme, and it would be proper for the District Court to lift the seal.

Meanwhile, KMC and KHI do have a *substantial interest* in the *unsealing* of Williams's criminal case. Williams's plea and the attendant colloquy could represent important evidence in KMC and KHI's defenses to plaintiff's product liability claims. A "defendant's guilty plea and any other admissions made during the plea-taking colloquy with the judge are admissible as evidence in the civil litigation." Aetna Cas. & Sur. Co. v. Niziolek, 395 Mass. 737, 750 (1985). An Alford plea[4] is one type of guilty plea that is admissible in subsequent civil litigation. Papas v. Baines, 981 F.2d 1245, 1992 WL 369917, at *2 n.4 (noting that Alford could be treated as an admission in civil action); Olsen v. Correiro, 189 F.3d 52, 59-60 (1st Cir. 1999) (stating that a guilty plea "is an express admission of guilt by the pleader and is therefore admissible in subsequent proceedings.").

In addition to noting that Williams made an Alford plea, the judge or clerk in Williams's criminal action also checked a box indicating that the disposition method of the case was by "admission to sufficient facts accepted after colloquy and 278 §29D warning." An admission to

---

[4] The First Circuit recently described the Alford plea as follows:
> An Alford plea occurs when a defendant enters a guilty plea without admitting guilt. See United States v. Bierd, 217 F.3d 15, 17 n.1 (1st Cir. 2000). This procedure draws its name from the Supreme Court decision that sanctioned it. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). There, the Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. at 37, 91 S.Ct. 160.

United States v. Caramadre, 807 F.3d 359, 372 n.7 (1st Cir. 2015), cert. denied, 136 S. Ct. 2455 (2016).

sufficient facts in a criminal case may be offered as a litigative admission in the trial of a subsequent action. See Commonwealth v. Bartos, 57 Mass. App. Ct. 751, 757 n.3 (2003) ("The admission to sufficient facts (or guilty plea) in the criminal prosecution might, however, be offered as a litigative admission in the trial of the civil action."); Hopkins v. Medeiros, 48 Mass. App. Ct. 600, 613 (2000) ("An admission to sufficient facts may be introduced against the defendant in a subsequently litigated civil suit arising out of the same incident on the theory that the proceeding was the functional equivalent of a guilty plea, with the same degree of finality" [quotations and citation omitted].). Thus, whether Junior Williams's plea is characterized as an Alford plea or an admission to sufficient facts, the collateral consequences of the plea are the same—it may be used as an admission in this product liability action. For this reason, the Court should Order the plaintiff and his counsel to move the Springfield District Court to unseal the criminal case so that it may be available for the potential use in this product liability action, and so KMC and KHI may obtain the audio record of Williams's plea hearing, to which they have thus far been denied access. The audio recording may be critical, because it is not just the plea itself that is admissible as evidence, but also other statements or admissions made during the colloquy may be relevant and admissible. See Aetna Cas. & Sur. Co., 395 Mass. at 750. Only with this Court's assistance will KMC and KHI be able to explore this potential source of probative evidence.

  KMC and KHI's interest in lifting the seal of the criminal case far outweighs any interest, if any, that the Estate of Junior Williams may have in the continued sealing of the case. Furthermore, the documents and information contained in Williams's criminal case are responsive to written discovery the defendants served on the plaintiff prior to his death. For example, Document Request No. 9 seeks the production of statements, which would include

pleas,[5] and Document Request No. 19 seeks the production of all documents and electronic files related to the Springfield District Court Criminal Action.[6]

II. **KMC AND KHI WERE NOT PROVIDED THE REQUIRED NOTICE OF THE HEARING ON WILLIAMS'S PETITION TO SEAL, AND THEREFORE THIS COURT SHOULD ORDER THE PLAINTIFF AND HIS COUNSEL TO PETITION THE SPRINGFIELD DISTRICT COURT TO UNSEAL THE CASE AS A REMEDY**

Allowing the continued sealing of the case would tacitly endorse a questionable strategy employed by Williams. With the assistance of counsel, Williams prepared a filing, which he then carried out in an effort to seal his criminal record. Neither Williams nor his counsel[7] provided KMC and KHI with the required notice of the petition to seal, and thus, KMC and KHI were not afforded the opportunity to object at the time, and before the case was sealed.

This was a clear deviation from the rule. Notice of a hearing on a Section 100C petition to seal must be given to "any party deemed to have an interest in the case." Commonwealth v. Doe, 420 Mass. 142, 150 (1995) (abrogated on other grounds). Proper notice ensures that "those affected by the closure decision are fully considered." United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013). KMC and KHI clearly had an interest in Williams's criminal case and its continued openness to the public, an interest that Williams and his counsel must have understood. Yet, no notice was provided, and therefore, KMC and KHI had no opportunity to

---

[5] Specifically, "All statements, whether written, transcribed or recorded, including all documents related thereto, given by you or any other person or entity concerning the subject incident, the facts, events, circumstances, conditions or occurrences leading up to the subject incident, the allegations contained in plaintiff's Second Amended Complaint and your alleged injuries and damages (specifically excluding Attorney-Client Privileged communications)."

[6] Specifically, "Your complete file and records, including all documents and electronic files that you have a legal right to obtain from your counsel on demand, in connection with Springfield District Court Criminal Action. 1323CR8756, Commonwealth v. Junior Williams (specifically excluding privileged materials)."

[7] Counsel for Williams stated at the Status Conference that he was unaware that Junior Williams had actually filed the papers to have the criminal case sealed.

oppose or otherwise respond to Williams's petition to seal. The Estate should be compelled to undo what should not have been done in the first place.

This Court has plenary discretionary power regarding discovery, including the authority to order a party to take action in another court to secure necessary evidence. See United States ex rel. Woodard v. Tynan, 776 F.2d 250 (10th Cir. 1985) (federal court ordered defendant to apply to the state court for the return of sealed records of defendant, so plaintiff could be provided access); Lumpkin v. Clark, 2008 WL 2441986 (D. Colo. June 16, 2008) (where defendant subject of sealed state court records, federal court provided plaintiff relief by ordering the defendant to petition the state court for the release of the records). The Court should use its authority to reach the just result in this case, the unsealing of Williams's criminal case.

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, for the reasons set forth above, KMC and KHI request that this Court issue the attached Proposed Order (Exhibit 3), Ordering plaintiff, through counsel, to Petition the Springfield District Court, within twenty-one days, for the unsealing of Junior Williams's criminal record.

> Respectfully Submitted,
> Kawasaki Motors Corp., U.S.A., and
> Kawasaki Heavy Industries, LTD
> By their attorneys,
>
> /s/ Peter M. Durney
> Peter M. Durney (BBO #139260)
>     pdurney@cornellgollub.com
> Christopher J. Hurst (BBO #682416)
>     churst@cornellgollub.com
> CORNELL & GOLLUB
> 88 Broad Street, 6th Floor
> Boston, MA 02110
> Tel.: (617) 482-8100

## CERTIFICATE OF SERVICE

    I, Peter M. Durney, attorney for Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, LTD, hereby certify that on the 7th day of February, 2019, a true copy of the was filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served by first-class mail, postage prepaid, upon anyone indicated as a non-registered participant:

Terrence L. Butler  
Dodge Law Firm, Inc.  
409 North Camden Drive, Suite 200  
Beverly Hills, CA 90210  

John N. Greenwood  
1145 Main Street, Suite 201  
Springfield, MA 01103  

Jeanne O. McHugh  
Engelberg & Bratcher  
100 High Street, Suite 1450  
Boston, MA  02110  

                                              /s/ Peter M. Durney  
                                              Peter M. Durney