UNITED STATES DISTRIT COURT
for the
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO: 3:16-cv-30142


TRESLAND A. WILLIAMS as
Personal Representative of the Estate
of Junior Williams,
    Plaintiff,

vs.


KAWASAKI    MOTORS    CORP.,
U.S.A.;KAWASAKI HEAVY INDUSTRIES,
LTD; AND SPRINGFIELD MOTOR SPORTS,
LLC;
    Defendants.


### PLAINTIFFS' OPPOSITION TO DEFENDANT KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD.'S MOTION FOR AN ORDER COMPELLING PLAINTIFF TO PETITION FOR THE UNSEALING OF JUNIOR WILLIAMS' SPRINGFIELD DISTRICT COURT CRIMINAL CASE

Plaintiff Treslan A. Williams, as personal representative of the Estate of Junior Williams, hereby opposes Defendants Kawasaki Motors Corp., U.S.A. ("KMC") and Kawasaki Heavy Industries, Ltd. ("KHI") Motion for an Order Compelling Plaintiff to Petition for the Unsealing of Junior Williams' Springfield District Court Criminal Case.  Defendants KMC and KHI have continually made the erroneous and unsubstantiated allegation that Junior Williams was travelling at an excessive speed and thereby acting recklessly at the time his defective Kawasaki Motorcycle's gas tank ruptured.

The undisputed facts are, during the initial inspection of the subject motorcycle, it was discovered that the bike was in first gear.  This FACT proves that it was impossible for

1

Junior Williams to be travelling at a speed upward of 90 miles per hour as defense would like this court to believe.  It is a FACT that a jeep abruptly made a U-turn in front of Junior Williams and Junior Williams impacted the passenger door of that vehicle, his motorcycle slid under the vehicle, his defectively designed gas tank ruptured and Mr. Williams was trapped underneath the jeep, pinned, on fire.

The witness travelling directly beside Mr. Williams at the time of the accident calculated his speed at approximately 35 miles per hour [See Exhibit 1 deposition of Stephen Higgins].

Further, during the deposition of Officer Edward Hiney, who initially calculated Mr. Williams' speed at the time of the accident at 90 miles per hour, testified that his calculations were incorrect and that the speed he calculated – using questionable video footage – was 59 miles per hour.  Additional eyewitnesses are referenced in Mr. Hiney's deposition that calculated the speed at 40 miles per hour. [See Exhibit 2 deposition of Officer Hiney]

During the second inspection of the subject motorcycle, when the gas tank was removed from the bike, it was revealed that there was a "tear" in the gas tank.  Due to a design defect in the subject motorcycle, the brace that fastens the gas tank to the frame of the bike caused a tear in the tank when the subject motorcycle impacted the Jeep.

As for unsealing the criminal record, the cites noted by KMC and KHI in their moving papers do not support that the death of Junior Williams somehow changes the circumstances and automatically allows the lifting of the Order sealing the records, particularly since Junior Williams died while he was still seeking to keep his criminal record out of the pending litigation.

Defendants accusation that Plaintiff counsel in this action failed to comply with the law with regard to the sealing of the records is also not supported by FACTS.  Notice was provided in the manner dictated by Massachusetts case law and the standard practices of the Clerk's Office

2

and any involvement in the sealing of the records was limited to fulfilling the obligation as a criminal defense attorney to advise a client of their right to have the record sealed.

WHEREFORE for the reasons set forth in the accompanying Memorandum, the Court should issue an Order (1) denying defendants KHI and KMC's Motion for an Order Compelling Plaintiff to Petition for the Unsealing of Junior Williams' Criminal Case.

> Plaintiff, Treslan A. Williams, as personal representative of the Estate of Junior Williams
> Respectfully submitted by their attorney,
>
> /s/ John N. Greenwood
> John N. Greenwood, Esq. BBO # 210520
> 1145 Mains Street, Suite 201, Springfield MA 01103
> 413-734-0567

**CERTIFICATE OF SERVICE**

I, John Greenwood, attorney for plaintiff Junior Williams, hereby certify that on February 22, 2019,

a true copy of the foregoing Plaintiff's Opposition to Defendant KHI and KMC's Motion for an Order Compelling Plaintiff to Petition for the Unsealing of Junior Williams' Springfield District Court Criminal Case will be filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and papers copies will be served by first-class mail, postage prepaid upon anyone indicated as a non-registered participant and to:

Terrence L. Butler, Esq.
DODGE LAW FIRM, INC.
409 North Camden Drive, Suite 201
Beverly Hills, CA  90210
Phone:  310-887-1890
Fax:  310-943-3314
Email:  karen@thedodgelawfirm.com
*Co-Counsel/Pro Hac Vice Counsel for Plaintiff Junior Williams*

James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Phone: 617-482-8100
Fax: 617-482-3917
Email: pdurney@cornellgollub.com
Email: jkerr@cornellgollub.com
*Attorneys for Defendant Kawasaki Heavy Industries (USA), Inc.*
*doing business as Kawasaki Motorcycles USA, LLC*

Jeanne O McHugh, Esq.
Matthew Kirouac, Esq.
Engelberg & Bratcher
100 High Street, Ste 1450
Boston, MA 02110
Phone: 617-3714241
Email: jeanne.mchugh@zurichna.com
Email: matthew.kirouac@zurichna.com
*Attorneys for Defendant Springfield Motor Sports, LLC*

/s/John Greenwood
John Greenwood

UNITED STATES DISTRIT COURT
for the
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 3:16-cv-30142

TRESLAN A. WILLIAMS as
Personal Representative of the Estate
of Junior Williams
     Plaintiff,

vs.

KAWASAKI     MOTORS     CORP.,
U.S.A.;KAWASAKI HEAVY INDUSTRIES,
LTD; AND SPRINGFIELD MOTOR SPORTS,
LLC;
     Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO
DEFENDANT KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY
INDUSTRIES, LTD.'S MOTION FOR AN ORDER COMPELLING PLAINTIFF TO
PETITION FOR THE UNSEALING OF JUNIOR WILLIAMS' SPRINGFIELD DISTRICT
COURT CRIMINAL CASE**

Plaintiff Treslan A. Williams, as personal representative of the Estate of Junior Williams,

hereby submits this Memorandum in Opposition to Defendants Kawasaki Motors Corp., U.S.A.

("KMC") and Kawasaki Heavy Industries, Ltd. ("KHI") Motion for an Order Compelling Plaintiff

to Petition for the Unsealing of Junior Williams' Springfield District Court Criminal Case.

For the reasons stated herein, the Court should issue an Order DENYING Defendants'

Motion.  Defendants KHI and KMC have continually attempted to deceive this Court as to the speed

at which Junior Williams was traveling at the time his defective motorcycle's gas tank ruptured

leaving Junior Williams with life altering burn injuries that ultimately resulted in Junior taking his

own life.

5

Defendants' moving papers are riddled with false accusations and misleading statements regarding not only Junior Williams' speed at the time of the accident but also the actions of Mr. Williams' criminal defense attorney with regard to sealing the criminal records as well as the law as it relates to sealing and unsealing criminal records.

## JUNIOR WILLIAMS' CRIMINAL RECORDS SHOULD REMAIN SEALED

On July 30, 2013, Junior Williams was involved in a collision while riding a Kawasaki Motorcycle.   A Jeep made an abrupt U-turn directly in front of Mr. Williams, allowing him little no time to brake and providing no room for evasive action.

Multiple witnesses calculated Mr. Williams' speed at the time just prior to impact at approximately 35 to 40 miles per hour.  The police report contains two Witness Statements – Korey Los who calculated the pre-impact speed at 40 miles per hour and Tayvontae Goodman who calculated a similar speed [See Exhibit 3 witness statements attached to the police report concerning the subject incident].  An inspection of Mr. Willliams' motorcycle, post accident, revealed that the motorcycle was in first gear thereby supporting the fact that Mr. Williams was not going anywhere near the 80-90 miles per hour that Defendants KMC and KHI would have this court believe.

The speed calculations contained in the police report were determined to be incorrect during the deposition of Officer Hiney, the officer who ERRONEOUSLY calculated Mr. Williams' speed utilizing questionable, incomplete and limited video evidence of the incident.

Nevertheless, Mr. Williams was charged with negligent operation of a motor vehicle stemming from the July 2013 accident.

John Greenwood, co-plaintiff counsel in the instant action, represented Mr. Williams in the criminal case.

Defendant KHI and KMC's claim that they were entitled to notice from Junior Williams that he was seeking to seal his record is simply wrong.  The procedure is clear:

1.  Junior Williams files a petition to seal his record, which include the motorcycle case and every other case he has ever had in Springfield, with the Clerk of the Springfield District Court.  Separate petitions to seal records from other courts are filed in those other court;

2.  If the petition appears valid on its face, the Clerk of the Court schedules a final hearing on the petition.  If the petition is deficient on its face, the Clerk of the Court simply denies the petition;

3.  The Clerk of the Court, and not the petitioner (Junior Williams) and not Mr. Williams' criminal defense attorney, provides notice of the hearing.

4.  Notice of the hearing is given to the District Attorney for that court, by delivery to his office.  The District Attorney, in turn, notifies the Probation Department, the victim, and "any party deemed to have an interest in the case".  It is the District Attorney who does the "deeming" of persons who have an interest in the criminal justice aspect of the case and not, for example, the corporate defendant in civil litigation which does not involve the victim of the alleged offense.

If KMC and KHI were entitled to any notice at all, it was the District Attorney who failed to provide it.  In this case, the District Attorney had been in communication with counsel for KHI and KMC, having complied with KHI and KMC's counsel's Records Subpoena on May 10, 2017.

5.  Notice is given to the Public by posting on the Courthouse Bulletin Board.  Most Massachusetts' litigation over sealing and access to court records has been by the Press, asserting that the First Amendment/public's right to know trumps the petitioners

7

right to privacy and the State's legitimate public interest in reducing recidivism, by removing obstacles to employment, housing, education, etc…   Massachusetts cases explicitly state the logic of notice by posting:  a free Press protects the public's right to know; the Press is routinely in the courthouse and pass by the bulletin board; the Press will habitually look at the bulleting board; therefore the Public has notice and the opportunity to be hard at the hearing on the Petition;

6. At the hearing, which is open to the public, which public may object, a Judge of the Court decides whether the petitioner has met his burden.  If so, the record is sealed;

7. Further, by statute, the only permitted response to an inquiry regarding a sealed record is that "No record exists".  It would be a crime for anyone at the Springfield District Court to tell counsel for KHI and KMC that "we cannot provide you access to the audio because the record is sealed" as Defendants assert in their moving papers.

Junior Williams' motorcycle case was disposed on April 21, 2016.  The disposition was Continued Without a Finding, to be dismissed upon six (6) months of probation.  Junior Williams was informed on April 21, 2016 of his right to petition to seal the record, once the six months of probation had run and the case was dismissed.  It is the standard duty of a criminal defense attorney to inform his client of his right to seal the record.

Junior Williams was charged with the crime of Negligent Operation of a Motor Vehicle, a misdemeanor.  The case was resolved by a Continuation Without a Finding, based upon an Alford Admission to Sufficient Facts to Warrant a Finding of Guilty.  This does not equal a guilty plea.  Alford pleas allow a Defendant to plead guilty while professing his innocence, which is what Junior Williams did and the court accepted his plea.

Defendant's assertion that Junior Williams' death terminates the sealing is not clearly supported by the applicable law.  There is very little indication that Chapter 6 §§ 167 et seq and Chapter 276, § 100c are each part of the "the same over-all statutory scheme" simply because there is some relation in the subject matter.  G.L.c. 276, § stands apart from G.L.c.6, §§167 et. seq.

The sealing should be respected precisely because Junior Williams passed while he was still seeking to keep his criminal records out of the pending litigation.

## CONCLUSION

For the reasons set forth herein, the Court should issue an Order DENYING Defendant KMC and KHI's Motion for an Order Compelling Plaintiff to Petition for the Unsealing of Junior Williams' Springfield District Court Criminal Case.

## CERTIFICATE OF CONSULTATION

Defendants KHI and KMC did attempt to meet and confer on this issue prior to filing their motion, however, Plaintiff maintains that he has a right to keep the criminal records sealed and that Defendants have not shown and are unable to show that they are entitled to having the records unsealed.

## CERTIFICATE OF SERVICE

I, John Greenwood, attorney for plaintiff Junior Williams, hereby certify that on February 22, 2019, a true copy of the foregoing Plaintiff's Opposition to Defendant Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd's Motion for an Order Compelling Plaintiff to Petition For the Unsealing of Junior Williams' Springfield District Court Criminal Case will be filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and papers copies will be served by first-class mail, postage prepaid upon anyone indicated as a non-registered participant and to:

Terrence L. Butler, Esq.
DODGE LAW FIRM, INC.
409 North Camden Drive, Suite 201
Beverly Hills, CA  90210
Phone:  310-887-1890
Fax:  310-943-3314
Email:  karen@thedodgelawfirm.com
*Co-Counsel/Pro Hac Vice Counsel for Plaintiff Junior Williams*

James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110
Phone: 617-482-8100
Fax: 617-482-3917
Email: pdurney@cornellgollub.com
Email: jkerr@cornellgollub.com
*Attorneys for Defendant Kawasaki Heavy Industries (USA), Inc.*
*doing business as Kawasaki Motorcycles USA, LLC*

Jeanne O McHugh, Esq.
Matthew Kirouac, Esq.
Engelberg & Bratcher
100 High Street, Ste 1450
Boston, MA 02110
Phone: 617-3714241
Email: jeanne.mchugh@zurichna.com
Email: matthew.kirouac@zurichna.com
*Attorneys for Defendant Springfield Motor Sports, LLC*


/s/John Greenwood
John Greenwood