UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO: 3:16-CV-30142-MGM

TRESLAN A. WILLIAMS as
Personal representative of the Estate
of Junior Williams
    Plaintiff,

v.

KAWASAKI MOTORS CORP., U.S.A.,
KAWASAKI HEAVY INDUSTRIES, LTD,
and SPRINGFIELD MOTOR SPORTS, LLC
    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD'S MOTION FOR THE ENTRY OF A PROTECTIVE ORDER REGARDING THE PROPOSED DEPOSITION OF <u>KAWASAKI HEAVY INDUSTRIES, LTD.</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 37.1, Defendants Kawasaki Motors Corp., U.S.A. ("KMC") and Kawasaki Heavy Industries, Ltd. ("KHI") hereby submit this Memorandum of Law in Support of their Motion for the Entry of a Protective Order Regarding the Proposed Rule 30(b)(6) Deposition of KHI.  The parties either have already or should be able to reach an agreement in principle regarding the location, timing, and scope of the Rule 30(b)(6) deposition of KHI and the document requests accompanying plaintiff's original deposition notice.  However, in discussions regarding the scope of the deposition topics, plaintiff's counsel has taken the position that plaintiff should be entitled to production of documents and to inquire at deposition regarding the 2011, 2012, and 2013 model years of the subject model motorcycle.  Those model years fall outside the scope of plaintiff's original Rule 30(b)(6) deposition notice, and outside the scope deemed to be

reasonable by the Court at the November 26, 2018 Status Conference, i.e. three production years following the 2007 subject model motorcycle.

## BACKGROUND

On December 12, 2018 plaintiff served four Rule 30(b)(6) deposition notices directed to KHI and KMC to appear in Springfield, MA on February 4, 2018. See the attached at Exhibit 1. On February 6, 2019, the Court granted KMC and KHI's Motion for a Protective Order Regarding Plaintiff's Failure to Serve Revised Proposed Written Discovery, and for an Extension to Confer Regarding Plaintiff's Rule 30(b)(6) Deposition Notices (Dkt. No. 122). Specifically, the Court ordered that, "Plaintiff has waived the right to serve interrogatories on KHI and KMC and to serve document production requests on either of these defendants beyond the document production requests encompassed in the Rule 30(b)(6) deposition notices, as amended by the parties' negotiations, or, if the parties are unable to agree, by a future order of the court ruling on the scope of Plaintiff's Rule 30(b)(6) deposition of KHI." Dkt. No. 128.

Prior to the Court's Order, on January 11, 2019, counsel for KMC and KHI sent plaintiff's counsel a letter responding to plaintiff's proposed Rule 30(b)(6) deposition notices. See the attached at Exhibit 2. On February 27, 2019, after being prompted several times for a response, plaintiff's counsel sent the letter attached at Exhibit 3. While the parties are substantially in agreement as to the timing, location, and scope of the deposition of KHI, one area of significant contention remains, necessitating this Motion and the Court's involvement. In a February 27, 2019 letter plaintiff's counsel has suggested that the scope of the testimony and production be expanded to model years 2011, 2012, and 2013 of the subject model motorcycle.[1]

---

[1] In the letter, plaintiff's counsel also mentions a possible destructive inspection of the subject motorcycle's fuel tank, which would involve cutting the fuel tank in half. KHI and KMC objected to that form of destructive inspection in the Joint Submission of the Parties Pursuant to the Court's Orders of June 11, 2018 (Dkt. No. 99), and

2

Combined, the plaintiff's four Rule 30(b)(6) deposition notices seek testimony and documents pertaining to the 2006 through the 2010 model year of the subject model motorcycle; the subject motorcycle is a 2007. At the November 26, 2018 Status Conference, the Court determined the outer boundary on model years. The Court concluded that, *at most*, the plaintiff would be entitled to documents for three model years following the subject model year, not the six years that plaintiff now seeks, despite the plaintiff's earlier deposition notice in line with the temporal scope of the Court's Order. See Transcript Dkt. No. 119, 17:8-14 ("The Court: for let's be generous and say four years preceding the date of, you know, of the design this particular -- of the tank that was on the Kawasaki that Mr. Williams was riding, and then for two or three years post the design, in other words, documents related to the design of the tank -- the fuel tank on this model Kawasaki for these years."); 18:17-23 ("The Court: . . . you know, what part of the motorcycle you're -- you know, you're looking for documents about and the temporal limitations, and I said I've give you eight years. I said eight years seems reasonable to me. That was before and after this tank was manufactured. If there are changes in that period of time, that should be enough. But your discovery requests should be focused -- need to be, must be focused in that way.").

**ARGUMENT**

This Court should enter a protective order limiting the temporal scope of the deposition of KHI to the time frame set forth in the plaintiff's Rule 30(b)(6) notice, model years 2006 through 2010, a time frame that the Court has already deemed reasonable and appropriate. The Court should not countenance the plaintiff's eleventh hour attempt to expand the temporal scope

---

the topic was discussed at some length during the November 26, 2018 Status Conference. At the Status Conference, the Court placed the onus on the plaintiff to file a motion seeking destructive testing, which the defendants could then oppose. See Transcript Dkt. No. 119, 12:4-14.

of the KHI deposition.  Essentially what the plaintiff is trying to do is change the rules of the game once again.  Any discovery beyond the 2010 model year of the subject motorcycle would not be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  KHI should not, particularly given the extensive history of case, have to determine which employees might qualify as appropriate witnesses on those new topic areas, with the attendant undue burden and expense.  Fed. R. Civ. P. 26(c).  Under Fed. R. Civ. P. 26(c), this Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *See also Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (upholding district court's decision to bar deposition pursuant to Rule 26(c)).  Such an order is both appropriate and necessary here.  In fact, Fed. R. Civ. P. 26(C) provides that a "court *must* limit the frequency or extent of discovery otherwise allowed" if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Those factors must be viewed in light of the history of the case, and the Court's mandate that the plaintiff is entitled to only the most streamlined, most limited discovery from KHI due to plaintiff's counsel's complete disregard of the earlier discovery deadline set by the Court.  See Securities and Exchange Commission v. Present, 2016 WL 10998439 at *1 (D. Mass. May 12, 2016) ("A court has discretion to tailor discovery to the circumstances of the case at hand and to adjust the timing of discovery.").

The Court should issue an Order confirming that the plaintiff is not entitled to discovery beyond the 2010 model year, as discovery pertaining to the 2011, 2012, and 2013 models years

would deviate from the Court's Order at the November 26, 2018 Status Conference that discovery as to three model years post the subject model year motorcycle was reasonable and all that the plaintiff would be entitled to—anything more would be overly broad in temporal scope and unduly burdensome.  See McBride v. Medicalodges, Inc., 250 F.R.D. 581, 585-86 (D. Kan. 2008) (protective order granted where deposition notice contained overly broad temporal scope); Champion Shipyards v. Bayly, Martin & Fay, 1987 WL 31767 at *1 (E.D. La. Dec. 28, 1987) (requiring corporate testimony on events outside of the relevant time period is "not only irrelevant to the issues presented in this lawsuit but its production would be unduly burdensome to the defendant."). The Court should stop in its tracks plaintiff's oblique attempt to amend the scope of the deposition notice *post hoc* beyond the bounds set by the Court.  It is unfortunate that the Court must become involved in this dispute due to plaintiff's counsel's willingness to disregard the Court's orders and admonitions.

## CONCLUSION

For the reasons set for above, KMC and KHI request that this Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the scope of production and inquiry at KHI's deposition to model year 2006 through 2010 of the subject model motorcycle.

> Respectfully Submitted,
> Kawasaki Motors Corp., U.S.A., and
> Kawasaki Heavy Industries, LTD
> By their attorneys,
>
> /s/ Peter M. Durney
> Peter M. Durney (BBO #139260)
>     pdurney@cornellgollub.com
> Christopher J. Hurst (BBO #682416)
>     churst@cornellgollub.com
> CORNELL & GOLLUB
> 88 Broad Street, 6th Floor
> Boston, MA 02110
> Tel.:  (617) 482-8100

## **CERTIFICATE OF SERVICE**

I, Peter M. Durney, attorney for Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, LTD, hereby certify that on the 5th day of March, 2019, a true copy of the was filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served by first-class mail, postage prepaid, upon anyone indicated as a non-registered participant:

Terrence L. Butler
Dodge Law Firm, Inc.
409 North Camden Drive, Suite 200
Beverly Hills, CA 90210

John N. Greenwood
1145 Main Street, Suite 201
Springfield, MA 01103

Jeanne O. McHugh
Engelberg & Bratcher
100 High Street, Suite 1450
Boston, MA  02110

/s/ Peter M. Durney
Peter M. Durney