# EXHIBIT 2

# CORNELL & GOLLUB
## ATTORNEYS AT LAW

PETER M. DURNEY
617-912-6551 (DIRECT)
EMAIL: PDURNEY@CORNELLGOLLUB.COM
ADMITTED IN MASSACHUSETTS, MAINE, AND NEW HAMPSHIRE

88 BROAD STREET, SIXTH FLOOR
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

January 11, 2019

Terrence L. Butler
Dodge Law Firm, Inc.
409 North Camden Drive, Suite 201-D
Beverly Hills, CA 90210

VIA EMAIL

RE:   Junior Williams v. Kawasaki Motors Corp., U.S.A., et. al.
      U.S. District Court, District of Massachusetts, Civil Action No.: 3:16-CV-30142

Dear Terry:

I am writing in follow-up to our telephone call Wednesday, concerning plaintiff's four proposed 30(b)(6) deposition notices, and the requests for production of documents included in those notices.

First, with regard to the timing and location of the 30(b)(6) deposition of KHI, I mentioned that the deposition of KHI might have to occur at the Consulate in Japan. The judge has already recognized that KHI has the right to be deposed near its principal place of business in Japan. From what I understand, the earliest that a deposition could occur at the Consulate would be the end of 2019. Your proposed deposition date of February 4, 2018, is not realistic for a multitude of reasons, including the issue of the Consulate. In any event, to expedite the process, and as a *quid pro quo* for a reasonable deposition date, I suggested that KHI may be willing to forego its right to be deposed in Japan, with the deposition to occur in Southern California instead. My best estimate at present is that the earliest we could produce a Japanese witness would be late June or July. I also asked that the deposition be limited to six hours as part of the *quid pro quo*, which should not be a problem for an experienced litigator such as yourself.

Second, with regard to the deposition topics, as a starting point and for ease of discussion, we consolidated the documents requests and deposition topics in your four notices into one set, because you have requested essentially the same information and documents in each notice, but for different model years. We intend to serve more formal responses and objections, but our preliminary responses to the requests are reflected below in bold. Hopefully, we can reach agreement and avoid further Court intervention.

*Document Requests*

1. "DESIGN DOCUMENTS concerning bracket/tank part 32052 and any attaching bolts, collars or sockets for" 2006-2010 KAWASAKI NINJA ZX6Rs.

"Part 32052" is not a part number, but a reference number for a bracket that connects the fuel tank to the motorcycle in model year 2006-2010 ZX6Rs. Notwithstanding that error in verbiage by plaintiff, generally, we are willing to recommend that KHI meet this request as to the specifically identified part, the bracket, provided that "Design Documents" is limited to the types of documents identified in the definition of that term. Specifically, "design documents," "includes documents outlining material specifications, mechanical specifications, CAD drawings, blueprints, shop drawings, patents."

2. "DOCUMENTS concerning the change in design of bracket/tank part 32052 and any attaching bolts, collars or sockets" between the years 2006-2010.

See number 1 above regarding "part 32052." We object to the extent the term "documents" is overly broad[1] and could be construed to include documents extremely difficult to identify or retrieve. If plaintiff will agree to define "documents" more specifically, such as limiting the request to documents that can be readily identified (such as test reports) we should be able to comply with the request as well.

3. "DOCUMENTS concerning testing of bracket/tank part 32052 and any attaching bolts, collars, or sockets for the years" 2006-2010.

See number 1 above regarding "part 32052." See number 2 above regarding the definition of "documents."

4. "DESIGN DOCUMENTS concerning fuel tank part 51085 and any attaching bolts, collars or sockets for the" 2006-2010 Ninja ZX6R.

"Part 51085" is not a part number, but a reference number for one color variation of the fuel tank for the 2007 ZX600P7F. Notwithstanding that error in verbiage by plaintiff, generally, we are willing to recommend that KHI meet this request as to the specifically identified part, the fuel tank, provided that "Design Documents" is limited to the types of documents identified in the definition of that term. Specifically, "design

---

[1] The term "documents" is defined as "a writing, and includes the original or copy of: handwriting, typewriting, correspondence records tables, charts, graphs, schedules, reports, memoranda, noted [sic], letters, telegrams, messages, reports of telephone conversations, reports of conferences, books, journals, ledgers, checks, receipts, invoices, instructions, minutes, purchase orders, films, film, strips, motion picture film, magnetic and other record tapes, transcriptions, and other written, printed or recorded material of any kind."

documents," "includes documents outlining material specifications, mechanical specifications, CAD drawings, blueprints, shop drawings, patents."

5.  DOCUMENTS concerning the change in design of fuel tank part 51085 between the years 2006-2010.

    See number 4 above regarding "part 51085." See number 2 above regarding the definition of "documents."

6.  DOCUMENTS concerning testing of fuel tank part 51085 and any attaching bolts, collars or sockets for the years 2006.

    See number 4 above regarding "part 51085." See number 2 regarding the definition of "documents." We also object to any testing documents unrelated to possible fuel leakage or fire, to the extent there may exist any.

7.  The factory service & parts manuals for the 2006-2010 NINJA ZX- 6Rs.

    We will recommend that these be produced.

8.  The owner's manuals for the 2006-2010 Ninja ZX-6Rs.

    We will recommend that these be produced.

*Deposition Topics*

The deposition topics mirror the document requests:

1.  "DESIGN of bracket/tank part 32052 and any attaching bolts, collars or sockets for" 2006-2010 Ninja ZX-6Rs.

2.  "Change in design of bracket/tank part 32052 and any attaching bolts, collars or sockets" between the years 2006-2010.

3.  "Testing of bracket/tank part 32052 and any attaching bolts, collars, or sockets for the years" 2006-2010.

4.  "DESIGN of fuel tank part 51085 and any attaching bolts, collars or sockets for the" 2006-2010 Ninja ZX-6Rs.

5.  "Change in design of fuel tank part 51085 and any attaching bolts, collars or sockets" between the years 2006-2010.

6.  "Testing of fuel tank part 51085 and any attaching bolts, collars or sockets for the years"

3

2006-2010.

7.  The factory service & parts manuals for the 2006-2010 NINJA ZX- 6Rs.

8.  The owner's manuals for the 2006-2010 Ninja ZX-6Rs.

See the above regarding "part 32052" and "part 51085." Notwithstanding those errors in verbiage by plaintiff, generally, we are prepared to recommend that KHI produce a witness knowledgeable about these deposition topics, except to the extent that you might seek to inquire as to sections of the product manuals unrelated to the fuel system, or testing unrelated to possible fuel leakage or fire.

Third, and finally, during the call I made a point that I do not believe you fully appreciated. That had to do with the sequence of discovery you chose, first serving deposition notices with document requests included, which was not what was contemplated by the court. During our last status conference, the Court anticipated that plaintiff would serve proposed revised written discovery. We would then have a chance to confer, and file a motion for a protective order, if necessary. The Court said that if we could reach agreement on the written discovery, she would then turn to the issue of the 30(b)(6) deposition of KHI. Clearly, since plaintiff did not serve revised interrogatories or document requests by the December 14, 2018 deadline, any written discovery by plaintiff is limited to the document requests contained in your 30(b)(6) notices.

I would appreciate a response as soon as possible, as our deadline to file a motion with the Court is January 15th, if an agreement cannot be reached.

Thank you.

Very truly yours,

Peter M. Durney

PMD/bmh
cc:    John N. Greenwood

4